IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS TRAVIS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3232-N |
| | § | |
| CITY OF GLENN HEIGHTS, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Defendants the City of Glenn Heights, Texas (the "City"), James Loney, Philip Prasifka, James Weisbrush, and Thomas Wilson's motion to dismiss the second amended complaint [63]. The Court grants the motion in part and denies it in part.[1]

## I. ORIGIN OF THE PARTIES' DISPUTE

This is a civil rights action brought by Plaintiffs Thomas Travis and his mother Cathy Papageorge against the City and members of its police department,[2] as well as against a City

---

[1]The Court denies as moot Prasifka and Wilson's motion to dismiss [20]; Weisbrush's motion to dismiss [25]; Loney's motion to dismiss [26]; and the City's motion to dismiss [29]. These motions were directed at Plaintiffs' First Amended Complaint, which has since been amended.

The Court also notes that because Plaintiff Thomas Travis's sur-reply [66] was filed in violation of this Court's local rules, the Court does not consider it here. *See* N.D. TEX. L.R. 7.1 (providing that in general, motions practice terminates with the filing party's reply).

[2]This Order refers to Defendants James Loney, James Weisbrush, Thomas Wilson, and Philip Prasifka collectively as "Individual Defendants."

ORDER – PAGE 1

congressperson.[3] Plaintiffs allege federal claims pursuant to 42 U.S.C. § 1983, as well as state law claims. Plaintiffs' claims arise out of a series of related incidents involving harassment and assault to which Plaintiffs claim they were subjected.

The interaction between Plaintiffs and Defendants appears to stem from a series of reports Plaintiffs made to the City's police department regarding an assault committed by Travis's ex-girlfriend Teri Jones, and an affair Plaintiffs allege Defendant Weisbrush was having with Jones. *See* Second Am. Compl. ¶ 10 [62]. According to Plaintiffs, in response to these reports, on January 4, 2011, Defendants Weisbrush, Wilson, and Loney stopped Plaintiffs' vehicle without warrant or probable cause, outside of their territorial jurisdiction. The officers then allegedly ordered Plaintiffs out of the vehicle. Despite Plaintiffs' cooperation, Plaintiffs claim the officers assaulted Travis by slamming his head and body into the pavement and forcing his face into the mud. Plaintiffs further allege Wilson slammed Papageorge into a tree and then on to the pavement. According to Plaintiffs, Loney then sexually assaulted Papageorge by aggressively rubbing his thigh into her genitals.

After the January 4th incident, Plaintiffs allege the Individual Defendants gave false testimony under oath concerning the incident and attempted to conceal video recordings of the incident. According to Plaintiffs, the Individual Defendants continued to harass and intimidate Plaintiffs by conducting warrantless searches of their apartment, arresting Travis's grandfather without warrant or probable cause, and falsely imprisoning Travis from September 2013 through November 2013.

---

[3]Defendant Dorothy Loney has not been served in this action and has not appeared.

ORDER – PAGE 2

Plaintiffs filed this suit on September 8, 2014, asserting both federal and state causes of action. Plaintiffs have since amended their pleadings twice, and their second amended complaint is the active pleading in this case. Plaintiffs currently bring claims under section 1983 against both the City and Individual Defendants, as well as state law claims for intentional infliction of emotional distress, false arrest and false imprisonment, malicious prosecution, assault and battery against Individual Defendants, and a claim for sexual assault against Loney, Wilson, and Weisbrush. Defendants now move to dismiss.

## II. THE RULE 12(b)(6) LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right

to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted ... to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts

produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### III. PLAINTIFFS' SECTION 1983 CLAIMS

Plaintiffs purport to bring section 1983 claims for unlawful seizure, municipal liability, excessive force, retaliation and intimidation, and fraudulent concealment. Defendants raise various grounds for dismissal, including limitations and qualified immunity.

#### *A. Limitations*

Defendants argue that Plaintiffs' section 1983 claims are time barred. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The limitations period for a section 1983 claim is governed by the statute of limitations for personal injury claims in the state, *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005), and a section 1983 claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gantrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). The parties agree that Plaintiffs' section 1983 claims are subject to a two-year statute of limitations under Texas Civil Practice and Remedies Code section 16.003. Defendants contend Plaintiffs' claims accrued on January 4, 2011, the night Plaintiffs allege they were wrongfully stopped and assaulted.

Plaintiffs seek the benefit of equitable tolling to preserve their claims. *See* Br. Supp. Resp. Mot. Dismiss 9 (citing *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999)). "The doctrine

of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Application of equitable tolling is a question of fact that turns on the circumstances of a particular case. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) ("As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate."). Thus, the Court declines to resolve the arguments concerning tolling on the face of the pleadings. Plaintiffs' asserted entitlement to equitable tolling would be more easily considered with factual development at the motion for summary judgment stage. Accordingly, the Court declines to dismiss Plaintiffs' claims based on limitations.

### B. Qualified Immunity

The Individual Defendants claim they are qualifiedly immune from liability under section 1983. "Qualified immunity is a defense available to public officials performing discretionary functions '. . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'" *Noyola v. Texas Dep't of Human Res.*, 846 F.2d 1021, 1024 (5th Cir. 1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine of qualified immunity balances two interests: "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Because "qualified immunity is designed to shield from civil liability 'all but the plainly incompetent or those who knowingly violate the law,'" denial of qualified immunity is appropriate only in rare circumstances. *Brady v. Fort Bend Cnty.*, 58 F.3d 173, 173–74 (5th Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

To resolve a public official's qualified immunity claim, a court considers two questions. First, has the plaintiff shown a violation of a constitutional right? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). And, second, was the right "clearly established" at the time of the public official's alleged misconduct? *Id.* The second inquiry is critical: unless the official violated a clearly established constitutional right, qualified immunity applies. *Pearson*, 555 U.S. at 231. "The judges of the district courts . . . [may] exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 235.

The Fifth Circuit has established procedures a district court must follow if further factual development is required to rule on a qualified immunity defense. Over twenty years ago, the Fifth Circuit held that the qualified immunity defense established "a new and large role for the Rule 7(a) reply . . . ." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (en banc). Specifically, the Court established the following procedure:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

*Id.* at 1433.

However, later Fifth Circuit case law has addressed this issue in a somewhat different manner. In *Backe v. Leblanc*, 691 F.3d 645 (2012), the Fifth Circuit held:

> a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'

*Id.* at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987)). In *Backe*, the Court emphasized that to obtain the benefit of even tailored qualified immunity discovery, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id.* (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995)).

In this case, Individual Defendants have not asserted the defense in an answer to the active complaint. As a result, the Court finds it difficult to see how Plaintiffs could have pled around the defense, as required by *Backe*. Thus, to comply with the overlapping procedures laid out in *Schultea* and *Backe*, the Court determines that Individual Defendants should be required to answer the second amended complaint and assert their qualified immunity defense, as described in *Schultea*. 47 F.3d at 1433; *see also Walker v. Wilburn*, 2013 WL 6728070, at *1–2 (N.D. Tex. 2013) (Fitzwater, C.J.) (staying discovery until defendant had an opportunity to file an answer asserting qualified immunity).

Thus, the Court denies Individual Defendants' motion to dismiss for qualified immunity without prejudice to refile. The Court orders Individual Defendants seeking qualified immunity to file an answer to Plaintiffs' second amended complaint setting out the basis for their qualified immunity defense within twenty-one (21) days from the date of this Order. Plaintiffs must then file a Rule 7(a) reply within thirty (30) days of Individual Defendants' answers. Individual Defendants may then move to dismiss or for summary judgment on the basis of qualified immunity within thirty (30) days of Plaintiffs' Rule 7(a) reply. At that stage, the Court will conduct the inquiry outlined in *Backe* and *Wicks* to determine whether Plaintiffs' complaint and Rule 7(a) reply "assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 994–95. If they do, the Court may then determine whether it would be appropriate to rule on the defense, or to order limited qualified immunity discovery. *See Backe*, 691 F.3d at 648–49. In the interim, all discovery is stayed.

### *C. Plaintiffs' Malicious Prosecution Claim*

Plaintiffs purport to bring a claim for malicious prosecution under section 1983. The Fifth Circuit has recognized that "causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim." *Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003); *accord Deville v. Marcantel*, 567 F.3d 156, 169–70 ("This court has held that the federal Constitution does not include a 'freestanding' right to be free from malicious prosecution."). A plaintiff who has been maliciously prosecuted must instead assert causes of action based

on the discreet constitutional violations, if any, that attended the institution of criminal proceedings without probable cause. *See Deville*, 567 F.3d at 169 ("[I]t must be shown that the officials violated specific constitutional rights in connection with a 'malicious prosecution.'"). Plaintiffs can and do bring cognizable constitutional claims based on the proceedings that allegedly lead to their malicious prosecution. However, their freestanding malicious prosecution claim under section 1983 fails. The Court accordingly dismisses it.

### *D. Plaintiffs' Claim Under the Texas Constitution*

Plaintiffs also base their section 1983 claims, in part, on Defendants' alleged violation of Article I, Section 9 of the Texas Constitution.[4] *See* Second Am. Compl. ¶ 29. However, it is well-settled that section 1983 is not a vehicle for asserting purely state causes of action. *See, e.g.*, *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Violations of state law do not state a claim under 42 U.S.C. § 1983."); *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988) ("A fundamental and fatal flaw in the decision of the district court denying qualified immunity in this case is its assumption that a section 1983 action may be based alone on a violation of state law or on a state tort."). Thus, insofar as Plaintiffs seek to assert section 1983 claims based on alleged violations of the Texas Constitution, those claims fail.

Nor can Plaintiffs use the Texas Constitution to bring a standalone tort claim. As Defendants point out, the Texas Constitution does not support a private cause of action for damages. *See, e.g.*, *Hamilton v. Pechacek*, 319 S.W.3d 801, 812–13 (Tex. App. – Forth

---

[4]Article I, Section 9 is the Texas Constitution's analog to the Fourth Amendment, protecting the people from unreasonable searches and seizures. *See* Tex. Const. art. I, § 9.

Worth 2010, no pet.) (collecting cases).  Accordingly, the Court dismisses all Plaintiffs' claims to the extent they are based on violation of the Texas Constitution.

### E. Plaintiffs' Fraudulent Concealment Claim

Plaintiffs also bring a section 1983 claim for fraudulent concealment.  *See* Second Am. Compl. ¶¶ 59–61.  Defendants contend that Plaintiffs have failed to plead with the requisite particularity that Defendants were under any duty to disclose any information to Plaintiffs.  *See* Defs.' Mot. Dismiss 15 (citing *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001)).  However, the court in *Bradford* was considering a fraud claim, not a claim of fraudulent concealment.  *See* 48 S.W.3d at 755 ("The Ventos contend that their fraud claim arises out of . . . .").

Nevertheless, Plaintiffs' section 1983 claim for fraudulent concealment fails because, as discussed above, section 1983 cannot be used to recover for violations of state law. Indeed, fraudulent concealment under Texas law is not an independent cause of action, but rather an equitable doctrine for tolling a statute of limitations.  *See, e.g.*, *Earle v. Ratliff*, 998 S.W.2d 882, 887-88 (Tex. 1999) (discussing application of the fraudulent concealment doctrine to a time-barred cause of action).  Thus, Plaintiffs cannot assert a standalone claim, under section 1983 or otherwise, for fraudulent concealment.  To the extent they attempt to do so, the Court dismisses those claims.[5]

---

[5]Fraudulent concealment can, however, be used to toll the limitations period for a section 1983 claim.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576–77 & n.13 (5th Cir. 2001) (discussing application of fraudulent concealment to toll a section 1983 claim). Because the Court has declined to rule on any limitations-based defenses at the Rule 12(b)(6) stage, *see supra* Part III.A, the Court expresses no opinion on whether fraudulent

## F. Travis's Claim for Money Damages

Defendants contend Travis's claim that Defendants forced him to plead guilty to a crime he did not commit, *see* Second Am. Compl. ¶ 21, violates the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S.477 (1994). In *Heck*, the Supreme Court held that if a section 1983 claim would imply the invalidity of the plaintiff's conviction, the complaint must be dismissed unless the conviction has already been invalidated. *Id.* at 487; *see also Hainze v. Richards*, 207 F.3d 795, 788–99 (5th Cir. 2000) (noting that a section 1983 claim for excessive force cannot succeed where the plaintiff was convicted for aggravated assault, because any degree of force used to restrain a person guilty of aggravated assault is by law reasonable). Here, Travis asserts that despite the language in the complaint, he does not intend to assert any claims based on his alleged coerced guilty plea. *See* Br. Supp. Resp. Mot. Dismiss ¶ 45. The Court dismisses any claim for money damages based on Travis's alleged coerced guilty plea.

## G. Plaintiffs' Section 1983 Claims Against the City

Plaintiffs assert section 1983 claims against the City based on its alleged sanctioning of the acts committed by the Individual Defendants. Plaintiffs also assert a section 1983 claim against the City for false arrest.

A municipality is not vicariously liable under section 1983 for the acts of its employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). A municipality is liable for a section 1983 violation only where its official policy inflicts the

---

concealment applies as a tolling mechanism here.

injury. *Id.* Thus, to establish section 1983 liability against a municipality, "[a] plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'" *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). An official policy may consist of written, formally-adopted procedures, or it may take the form of "persistent, widespread practice[s] of city officials or employees, which, although not authorized by officially adopted and promulgated policy, [are] so common and well settled as to constitute . . . custom[s] that fairly represent[] municipal policy." *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)).

***1. Plaintiffs Fail to Plead a Policy or Practice.*** – In response to Defendants' motion to dismiss, Plaintiffs argue that "the arrest of Plaintiffs without justification constituted a persistent, widespread practice of city employees . . . ." Br. Supp. Resp. Mot. Dismiss ¶¶ 47, 50 (citing Second Am. Compl. ¶¶ 11–22). Plaintiffs also argue that "the excessive force used by the officers during the arrest of Plaintiff without justification constituted a persistent practice of employed [sic] by Chief Prasifka as a policy maker for the City of Glenn Heights and persisted by the City of Glenn Heights Prairie [sic] Police Department." *Id.* ¶ 51. Plaintiffs' second amended complaint appears to set forth five incidents between Plaintiffs and the Individual Defendants. *See* Second Am. Compl. ¶¶ 10, 12, 21. Only one of these incidents explicitly resulted in an arrest. *See id.* ¶ 20.

Even accepting all Plaintiffs' allegations as true and viewing the complaint in a light most favorable to Plaintiffs, Plaintiffs have failed to allege conduct rising to the level of a pattern or practice. Plaintiffs have alleged egregious conduct on the part of Individual Defendants, but egregious conduct directed solely at Plaintiffs, and which took place in no more than five or six incidents. The Second Amended Complaint implies that Individual Defendants have a vendetta against Plaintiffs, not that the City of Glenn Heights Police Department has a routine practice of wrongfully arresting suspects and using excessive force to do it. Plaintiffs' complaint does not allege practices "so common and well settled as to constituted a custom that fairly represents municipal policy." *Bennett*, 735 F.2d at 861. For that reason, the Court dismisses Plaintiffs' claims for municipal liability against the City arising from the Individual Defendants' various interactions with Plaintiffs.

Plaintiffs also appear to independently assert a section 1983 claim for false arrest against the City. *See* Second Am. Compl. ¶ 33 ("Defendants, jointly and/or severely [sic] violated his Fourth Amendment rights when Defendant unreasonably falsely arrested and detained Plaintiff."). As Defendants point out, this allegation fails to plead any basis for the City's liability other than as an employer of the Individual Defendants. Plaintiffs admit as much in their response to the motion to dismiss. *See* Br. Supp. Resp. Mot. Dismiss ¶ 52 ("However, the City of Glenn Heights is vicariously liable for the actions of its employees for violations of Plaintiffs' 4th, 5th, and 14th Amendment rights which includes false arrest under Section 1983."). However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Plaintiffs fail

to allege any cognizable basis for holding the City liable under Section 1983 for false arrest. Accordingly, the Court dismisses this claim against the City.

### IV. PLAINTIFFS' STATE LAW CLAIMS

Plaintiffs bring state law claims for intentional infliction of emotional distress, false arrest and imprisonment, and malicious prosecution against the Individual Defendants, and claims for assault and battery and sexual assault against Weisbrush, Wilson, and Loney.

#### *A. Limitations*

As with Plaintiffs' Section 1983 claims, Defendants assert Plaintiffs' state law claims are barred by limitations. For the same reasons discussed above, *see supra* Part III.A, the Court declines to resolve Plaintiffs' asserted entitlement to equitable tolling at this stage. Accordingly, the Court declines to dismiss Plaintiffs' state law claims based on limitations.

#### *B. Plaintiffs' Claim for Sexual Assault*

Defendants also contend that Plaintiffs fail to plead a claim for sexual assault. A person commits a sexual assault if he "causes the penetration of the . . . sexual organ of another person by any means, without that person's consent[.]" Defendants do not identify what element of the offense they believe Plaintiffs have failed to plead, but assert simply "[e]ven giving her allegations the benefit of serious doubt, Ms. Papageorge makes no allegation that would support a plausible inference of sexual assault in this instance." Defs.' Mot. Dismiss 24.

Without a more specific challenge to Plaintiffs' pleadings, the Court finds Plaintiffs' allegations sufficient to state a claim for sexual assault. Plaintiffs allege Defendant Loney

ORDER – PAGE 15

made "contact with Ms. Papageorge [sic] sexual organ or private penetrating it by Defendant Loney using his knee and upper thigh between her private area to violently air lift Ms. Papageorge feet and body completely off the ground on camera . . . . This action caused Ms. Papageorge vaginal bleeding." Second Am. Compl. ¶ 16. Plaintiffs thus allege that Loney caused the penetration of Ms. Papageorge's sexual organ "by any means." Defendants fail to identify any particular deficiency in Plaintiffs' pleading of this claim, and the Court denies their motion to dismiss Ms. Papageorge's claim for sexual assault against Loney.

Defendants also contend that Plaintiffs only plead Loney engaged in sexual assault, and that sexual assault claims against Weisbrush and Wilson must be dismissed. Plaintiffs argue only that "[t]o the extent that the remaining officers were present and complicit with the actions of officer Loney, they were part of the alleged sexual assault." Br. Supp. Resp. Mot. Dismiss ¶ 60. However, the elements of the sexual assault claim do not provide any liability for individuals who are present but do not participate in the sexual assault. And Plaintiffs have not asserted secondary liability "aiding and abetting" claims against Weisbrush and Wilson. Accordingly, the Court concludes Plaintiffs fails to plead claims for sexual assault against Weisbruch and Wilson and dismisses those claims.

## CONCLUSION

The Court grants Defendants' motion to dismiss as it pertains to Plaintiffs' claims against the City and dismisses all claims against the City; the Court dismisses Plaintiffs' claims for malicious prosecution, violation of the Texas Constitution, and fraudulent concealment; the Court dismisses Plaintiffs' claims for sexual assault against Weisbrush and

Wilson; the Court dismisses Travis's claims for money damages based on a coerced guilty plea.  This is Plaintiffs' third complaint, and they have already been granted leave once to amend in response to a round of motions to dismiss filed by Defendants.  Thus, the Court concludes Plaintiffs have had ample opportunity to plead their best case, and denies Plaintiffs' leave to replead these claims.

The Court orders Individual Defendants seeking qualified immunity to Plaintiffs' remaining section 1983 claims to file an answer to Plaintiffs' second amended complaint setting out the basis for their qualified immunity defense within twenty-one (21) days from the date of this Order.  Plaintiffs must then file a Rule 7(a) reply within thirty (30) days of Individual Defendants' answers.  Individual Defendants may then move to dismiss or for summary judgment on the basis of qualified immunity within thirty (30) days of Plaintiffs' Rule 7(a) reply.

Signed June 4, 2015.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 17