CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 JUL 31   AM 11: 50

DEPUTY CLERK_____ NT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THOMAS TRAVIS AND CATHY PAPAGEORGE    Plaintiffs<br><br>V.<br><br>CITY OF GLENN HEIGHTS, TEXAS; JAMES WEISBRUSH, Individually; THOMAS WILSON, Individually; JAMES LONEY, Individually; and PHILIP PRASIFKA, Individually | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.  3:14-cv-03232<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S MOTION FOR SANCTION OF JUDGMENT BY DEFAULT PURSUANT TO RULE 37

TO THE HONORABLE DAVID C. GODBEY,
UNITED STATES DISTRICT COURT JUDGE:

NOW COME Plaintiff's, hereby moves this Honorable Court for judgment by default pursuant to Rule 37(b) (2) (c) and for other sanctions against the Defendant's for failing to comply with discovery, failing to comply with a direct Order of This Honorable Court, and for committing fraud upon the Court.

BACK GROUND AND MORE DETAILED MOTION FOR RELIEF

1.   This motion is based upon the Defendant's actions in withholding information and documents specifically video evidence pertaining to the incident reports and reports of "severe emotional upsets". The Plaintiff's discovery requests in date to 2015. Consequently, all discovery subsequent to early January 4th 2011, all trial preparation have been based upon the false representation that Defendants have no records of pertaining to the prior and after incidents of "severe emotional upsets", mainly the video of James Loney patrol car validating Ms. Papageorge allegations. The Defendants have

---
PLAINTIFFS' REPLY TO QUALIFIED IMMUNITY DEFENSE            Page 1

turned over Defendant Wilson patrol video pertaining to the January 4th 2011 illegal stop and seizure of the Plaintiff's but, respectfully missing the audio attachment. Plaintiff's have shown a January 4th 2011 Desoto police report of communications between Defendant Wilson and the emergency operator that contradicts Wilson testimony in his answers for qualified immunity. See: Kyles v. Whitley, #93-7927,514 U.S. 419 (1995). See: United States v. Blanco,#03-10390,2004 U.S. App. Lexis 26815,392 F. 3d. 382 (9th Cir 2004). Specifically Defendant Wilson made no verbal mention or allegation to the Desoto police department in regards to Ms. Papageorge reckless driving the basis and foundation for the Defendant's qualified immunity argument. The Desoto report also contradicts the 911 call made by Teri Jones by the fact it appears the call was "officer initiated", in direct contradiction that Wilson was responding to a 911 prowler call and was on a similar call hours before. The defendant's narrative pertaining to the stop , the reasoning for the stop, and reasoning for performing a felony stop "guns drawn", on the Plaintiff's has been contradicted by was of the Desoto police department report. The January 4th 2011 Desoto report clearly shows the Defendants Monday night quarterbacked the football game played on Sunday January 4th 2011 to garner their qualified immunity argument. See: Youngblood v. West Virginia, 547 U.S. 867 (2006). See also: Newsome vs. McCabe,256 F. 3d. 747 (7th Cir. 2001). The Desoto report shows the real reason the Plaintiff's were stopped alleged by the Defendant's was in fact supposed to be Mr. Travis, burglarized Ms. Jones house, assaulted her with a 22 caliber pistol and a "stalker", alleged by Defendant Wilson. This narrative totally contradicts the narrative laid out before the Court even more disturbing Teri Jones 911 call does not match the Defendants declartions, Mr. Travis was a "prowler", and the Defendants

performed a felony stop due to the paranoia of Mr. Travis believing everyone is out to kill him. The Defendants have obviously fabricated the whole events and narrative pertaining to the January 4th stop deceiving the Court constituted as fraud upon the Court by withholding contradicting testimony/evidence validating plaintiffs claims. The defendants are not entitled to qualified immunity or summary judgment by the fact they did not act in good faith lying in affidavit about key and material facts to garner a warrant and probable cause that video evidence contradicts and by withholding evidence that contradicts the answers for qualified immunity. See Kali-na v. Fletcher, 522 U.S. 118, 129-30 (1997); Olsen v. Champaign County, IL, 784 F. 3d. 1093 (7th Cir. 2015). Ruiz v. Lebanon County, Pa 325 Fed. Appx 92 (3rd Cir 2009); also see: Melissa v. Randall, 121 Fed Appx. 803 (10th Cir. 2005). The Defendants namely Wesibrush with the assistance of his counsel has knowingly, or intentionally by way of their criminal conduct stated facts that video evidence clearly disputes in that regard quote of Weisbrush "I reached in the car and pulled Mr. Travis out of his car". Next Defendant Weisbrush falsely declares in the prosecution report quote "my audio was not working", but I was able to capture video. Furthermore these representation is clearly false in light of documented evidence received by the Plaintiff's June 2015 from Michael Merrick. This evidence absolutely proves the Defendant's have committed Fraud upon the Court. It's also a clear the Defendants committed Fraud upon the Dallas District Attorney Offices and Judge Dan Patterson's court by the fact nowhere in the State prosecution reports or testimony do the Defendants mention Mr. Travis was armed with a 22 gun, burglary suspect, and assaulted Teri Jones on 1-4-2011. It' clear the Desoto report and communications with Defendant Wilson contradict his testimony by way of the criminal prosecution reports also by way

of the Defendant's sworn answers for qualified immunity. The validate the Plaintiffis claims on the Fraud upon this Court claims. To validate the Plaintiff's allegations and claims see exhibits: James Weisbrush patrol car video but, with the complete audio attached contradicting Defendant Weisbrush claims his patrol car audio was not working in the prosecution report. Next Defendant Wilson attempts similar tactic before the Court by informing now he had no audio attachment to his patrol video. This is an outrage and this Court should not entertain this unethical and criminal like behavior. Next Defendant Loney patrol car video has gone missing in addition to Wilson audio attachment to his video which validated the Plaintiff's claims. It's clear by evidence this behavior is pattern forming in hopes to garner a summary judgment illegally by this Court. This Court must not entertain the Defendant's illegal request but, rather appropriately issue a default judgment in accordance with the law in regard to misconduct displayed clearly by the Defendant's. See Exhibits: D Defendant Weisbrush patrol video with all the audio attached.

2.     Because of the scope of the [F]raud and the years of reliance upon the Defendants' false responses , Plaintiff's seeks the following sanctions: Judgment by defeault against the Defendant's on the issue of liability and/or an order that it be conclusively presumed for purposes of the upcoming trial as follows:

1. That the Defendants' negligently caused the sexual assault of Cathy Papageorge and her emotional trauma.

2. That the Defendants' intentionally inflicted emotional stress which caused Ms. Papageorge to be severely and emotionally disturbed.

3. Than the Defendants' had prior notice of the emotional intensity of their lack of training due to the large number of complaints filed by Ms. Papageorge and other citizens who rights were violated such as Paul Henrise by the same Defendants.

4.The Defendants denials of all paragraphs in qualified immunity answers contained in Plaintiffs second amendment complaint shall be stricken and that said paragraphs shall be taken as admitted for the purposes of this cause of action.

By way of further sanction, requests this Honorable Court to order the Defendant's reimburse the Plaintiff's costs for attorney fees payed for by the Plaintiff's also for the false denials of the existence of documentation pertaining Ms. Papageorge sexual assault claims namely James Loney patrol video which was positioned behind Defendant Wesibrush patrol car giving a better angle and legal view to validate the Plaintiff's claims. The documentations was pertaining to the claims and to the severe emotional upsets or "incident reports by video evidence", filed by the Defendants in this case for motion of summary judgment July 2015.

By way of further sanction, Plaintiff's request an order directing the Defendants' to produce all documents in a unedited and tampered with state turning over all (3) videos James Weisbrush, Thomas Wilson, and James Loney which the Defendants have failed to turn over to the Court in their requested motion for summary judgment but, respectfully this evidence James Loney patrol car goes to the direct testimony of Ms. Papageorge and her claims and absent such discovery cannot receive a fair trial. In addition the Plaintiff's ask the Court to order the Defendants turn over Defendant Wilson patrol video but, with the audio attachment that validates the Plaintiffs January 4th 2011 Desoto police report and contradicts Wilson testimony and answers here for qualified immunity. Absent such

discovery will prevent the Plaintiffs from receiving a fair trial. The Plaintiff's ask the Court to order Defendants to produce all documents, videos, and audio attachments including hip recorders of all three defendants pertaining to the night of January 4th, 5th 2011 the evidence of the illegal arrest of John Papageorge.

By way of further sanction, the Plaintiff's request and order directing the Defendant's to pat the costs of preparation their expert witness bsed upon the material and discovery turned over to the court in a edited and tampered form , plaintiffs will produce evidence addressed to punitive damages.

By way of further sanction, the Plaintiff's request an order further sanction, Plaintiff's request an order directing the Defendants' to reimburse Plaintiff's in the amount $150,000.00 dollars actual damages and other reasonable pain and suffering in relation to the Defenants actions in connection to January 4th, 5th, 20th 2011, and April 6th,and 7th 2011.

3.      The records regarding "sexual assault and severe emotional upsets" and video evidence and paper reports are not the only documents withheld in discovery by the Defendants. The Plaintiffs in discovery requested the discharge papers of Defendant Loney and Weisbrush in connection to their release of employment by the City of Glenn Heights in wake of the video evidence and Plaintiffs' complaints to Chief Prasifika but, have not received such records which go the credibility of the Plaintiffs allegations and contradicts the City of Glenn Heights, and the Defendants answers. The request was made with the knowledge that certain video tapes existed in regards to Defendant Loney. It now turns out that the Defendants have only turned over Defendant Weisbrush, and Wilson patrol car, but have not turned over Defendant Loney's video.  For years the

Plaintiffs have relied upon the Defendants representation that these were the only two tapes but, recently the Court received Wilson video missing audio attachment. These tapes must be used in preparation of expert witness and lay witness for the trial of this matter. In light of the Plaintiffs reliance upon the false representation that all tapes in existence had been given to plaintiffs but, not if fact the Plaintiffs moves for sanctions against the Defendants in form of an Order to the effect the January 4th James Loney video being placed directly behind Ms. Papageorge sexual assault of James Loney would have in fact validated her claims to merge victorious here and absent such discovery the Plaintiffs' cannot receive a fair trial based off the facts given its destruction.

Finally, it is requested that the Court order the Defendants to compensate Plaintiff's for the 48 hours spent reviewing the file and evidence to make this legal argument on the merits in this motion and preparing this motion.

In support of the above requests, Plaintiff's relies upon the power of this Court to grant such sactions pursuant to Rule 37 and the facts contained in the attachment memorandum and the exhibitis.


## MEMORANDUM IN SUPPORT OF PLAINTIFF'S ACTION

### Documents Sent to Plaintiff's Shows Discovery Fraud by the Defendants in this Case


4.    Within the last few weeks and the past few days Plaintiff's has obtained documents and videos from two sources showing contradiction of testimony which are evidence that the defendants this action have committed a fraud upon the Court and upon the Plaintiff's since January 4th, 2011 up until June 2015. The fraud pertains to the question of whether the Defendants performed their January stop in "good faith", and whether or not the Defendants were

justified in execution of a felony stop. The evidence also pertains to the question of Ms. Papageorge sexual assault and the video evidence of Loney patrol car that has been destroyed the fairlure to maintain records as custodian Chief Phillip Prasifika and reports and data regarding the occurrence of the severe emotional distress of the Plaintiff's and the sexual assault on the participants in their standards of failure to train. In discovery the Defendants have repeatedly denied that any such records are kept and the evidence doesn't exisit. The Defendants even presented a sworn affidavit executed by Phillip Prasifika to testify the documents, and evidence that validates Ms. Papageorge claims doesn't exist.

5. These documents show the falsity of the Defendant's prior representation to this Court that various witness statements taken following Ms. Papageorge injuries contradict were taken solely in anticipation of litigation. In fact, the Defendant's had a standard policy of gathering information and incidents involving the January 4th 2011 events but, chose not to follow under State Law and Federal Law. Accordingly, this Court should reconsider its prior rulings that the Defendants City is entitled to dismissal of the claims of the Plaintiff's given the fact two city managers, a mayor , and over six City of Glenn Heights employees have resigned in wake media reports of the Defendants actions. The City of Glenn Heights has removed James Loney and James Weisbrush from the police force and that should be reason enough to deny summary judgment.

Given the history of discovery in this case in which Plaintiffs counsel Kevin Wiley has deliberately failed to report hence the reasoning of his termination amongst other unethical behavior that has been repeated January 4th 2011 up until June 2015 withholding documentation and video evidence pertaining to the sexual assault or the emotional distress, the Defendants have committed a grave fraud. Since the Defendants made representation before the Court, they have perpetrated a fraud directly upon the person of this Court, by way of evidence that shows the Court Wilson video had indeed audio but, it contradicts his sworn answers is apparent. It would be unethical and inappropriate for the Court to reward the Defendants criminal behavior in these

proceeding intentional stating facts of January 4th 2011 that video evidence contradicts, and pure

perjury all over the place, in changing of narrative, stories , and the facts summary judgment must

denied in acordiance with Federal Law and the U.S. Constitution.


## ARGUMENT


The withholding of information regarding incidents and sever emotional upsets by the

Defendants goes to the very heart of this case. Ms. Papageorge was sexually assaulted by

James Loney and as result suffered severe emotional distress and trauma. To the extent

that the Defedants withheld documentation or prior and severe emotional upsets, the

Defendants withheld informations mainly Defendant Loney patrol car video and removed

audio attachment from Defendant Wilson patrol video this evidence would have allowed

Plaintitff's or their respected counsel to pursue appropriated lines of questioning with lay

witness, expert witnesses, and which would have affected the preparation of the

Plaintiff's presenting their claims and affected their expert witness requiring additional

expert to testify on matters of video tampering has caused undo delay and expense to the

Plaintiff's. The fraud of the Defendants and respected counsel has persisted through a

four year perid of expensive discovery and lawyer fee's.


The power of this Court to order Sanctions lies in Rule 37, F.R.C.P.

It's clear the Defendants should be ordered to ceases their stonewalling and produce all of

their documents pertaining to "incidencts", of "sexual assault and severe emotional

upsets". It is important inter alia, to the Plaintiff's punitive damages in this case.

However, to limit the Plaintiff's remedy of reconductin discovery after a four and a half

---

years would punish the Plaintiff's for the Defendants obvious and apparent misconduct. It would cause no less than an additional year's delay in what is already a lengthy case which the Defendants have turned into a legal circus disrespecting the Court. It would cause the Plaintiffs additional time and money. Accordingly, the only appropriate remedy at this juncture stage of the litigation, is default judgment and issue preclusion as requested by the plaintiffs motion.

Since the Defendants have demonstrated their lack of trustworthiness in appropriately responding to discovery and since its is clear that there is a pattern of severe emotional upsets and sexual assault which may well result in additional litigation, it is respectfully requested that this Court enter an order foreclosing at this time any possibility of any resolution of this case which would result in the Plaintiff's having to return discovey materials to the defendants. It is respectfully submitted, given the track record of the Defendants including Chief Prasifka in this case, that Plaintiffs and counsel woul be a safer depository for the fruits of discovery, apst and yet obtained that the Defendants.

It is crucial and important for the Plaintiffs that the Court order the production of the underlying discovery materials requested herein to provide sanctions. This is because of the necessity of addressing the question of punitive damages at trial. Additionally, the Defendants seek summary judgment and without the Court addressing this motion by the Plaintiff's first it will be obtained wrongly off deceptions and fraud perpetrated by the Defendants. It is important for the Plaintiffs to receive the discovery materials in this case to determine the appropriateness of petitioning Judge David Godbey to deny summary judgment at the request of the Defendants by their apparent and clear fraud upon this Court. Plaintiffs also Pray this Court grant the Plaintiff's their 6th amendment right under

the U.S. Constitution by addressing their pending motions and allow them to proceed pro se Counsel free of influence of the Defendants in the pursuit of truth blindly. See: Bulloch v. United States, 763 F. 2d. 1115,1121 (10th Cir. 1985) See: Herring v. U.S. 424 F. 3d. 384 (3rd Cir. 2005). Finally see: Patterson v. City of New Orleans No. 13-30298 (5th Cir 2014).

WHEREFORE, Plaintiff's, hereby moves this Honorable Court for an order granting the remedies requested in Plaintiff's motion..

Respectfully submitted,

Thomas Travis Pro Se

Cathy Papageorge Pro Se

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copy of the foregoing has been served on July 27, 2015 to Defendants' counsel of record DARRELL G-M NOGA and MICHAEL J. MERRICK of CANTEY HANGER LLP, 1999 Bryan Street, Suite 3300 Dallas, Texas 75201-6822

Thomas Travis Cathy Papageorge