UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS TRAVIS and CATHY PAPAGEORGE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:14-CV-3232-N-BF |
| CITY OF GLENN HEIGHTS, TEXAS, et al., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Defendants James Weisbruch[1] ("Weisbruch"), Thomas Wilson ("Wilson"), James Loney ("Loney"), and Philip Prasifka ("Prasifka") (collectively, the "Individual Defendants"), have filed Individual Defendants' Motion for Partial Summary Judgment [D.E. 85]. For the following reasons, the undersigned recommends that the motion be granted.

**BACKGROUND**

Plaintiffs Thomas Travis ("Travis") and Cathy Papageorge ("Papageorge") (collectively, "Plaintiffs") brought this suit, alleging violations of their civil rights and personal injuries pursuant to Texas state law and Title 42, United States Code, Section 1983. *See* Pls.' Second Am. Compl. [D.E. 62 at 13-25]. On January 4, 2011, Papageorge and Travis were arrested and taken into custody. *Id.* [D.E. at 4-5]. The Plaintiffs claim they were unlawfully arrested by Individual Defendants because Individual Defendants had no warrant or probable cause for stopping them. *Id.* [D.E. at 5].

---

[1] Plaintiffs list Defendant's name as "Weisbrush." However, in all of the Defendants' filings it is spelled "Weisbruch."

1

After their arrest, Travis and Papageorge allege they "were unlawfully beaten and tortured." *Id.* [D.E. at 5]. As a part of the beating and torture, Plaintiffs state that the Individual Defendants physically and sexually assaulted them numerous times on camera. *Id.* [D.E. at 5]. Plaintiffs were represented by counsel when their Second Amended Complaint was filed, but recently decided to proceed *pro se* and have filed their response in that capacity. *See* Pls.' Second Am. Compl. [D.E. 62]; Pls.' Resp. [D.E. 94].

## SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at

*3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. U. S. Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Furthermore, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

### Qualified Immunity

The Individual Defendants contend that they are entitled to summary judgment based on qualified immunity grounds. Defs.' Br. [D.E. 86 at 14-18]. Government officials are entitled to qualified immunity for the performance of discretionary functions unless their conduct violated statutory or constitutional rights that were clearly established at the time of the alleged incident of which a reasonable person would have known. *See Debose v. Castro*, No. 7:12-CV-21-O, 2015 WL 58758, at *4 (N.D. Tex. Jan. 5, 2015) (citing *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995); *Heitschmidt v. City of Hous.*, 161 F.3d 834, 840 (5th Cir. 1998); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). In assessing whether a party is entitled to qualified immunity, a court considers: (1) whether the conduct violated a constitutional right, and (2) whether their conduct was objectively unreasonable in light of clearly established law at the time of the violation. *See Oliver v. Brown*, No. 3:10-CV-2154-B (BK), 2013 WL 2182610, at *4 (N.D. Tex. May 20, 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "To determine that an official is not entitled to qualified immunity, the court must find that every reasonable officer would have understood that the alleged conduct violated a clearly established constitutional right." *Brauner v. Coody*, 793 F.3d 493,

497 (5th Cir. 2015) (emphasis in original). "Thus, the qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (internal quotation marks omitted). The Court can begin its assessment with either prong. *See Oliver*, 2013 WL 2182610, at *4. If a court answers both questions in the affirmative, the Officers are not entitled to qualified immunity. *See id.*

### Video Evidence

"Although courts must construe evidence in a light most favorable to the nonmoving party, [a court] will not adopt a plaintiff's characterization of the facts where unaltered video evidence contradicts that account." *Thompson v. Mercer*, 762 F.3d 433, 435 (5th Cir. 2014). Further, courts may "rel[y] on the video to resolve disputed facts." *Luna v. Mullenix*, 773 F.3d 712, 721 (5th Cir. 2014). This is especially true when a video blatantly contradicts one party's "version of the facts, 'so that no reasonable jury could believe it.'" *Id.* (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

### Philip Prasifka

It is undisputed that Defendant Prasifka was not present when the events giving rise to the suit occurred. *See* DVD: Ex. C In-Car Video Officer J. Weisbruch (Glenn Heights Police Dep't) (on file with author) [D.E. 88 at 13-14]. The video clearly indicates that the Chief was not on scene or aware of the events as they unfolded. *Id.* Further, Prasifka provides an affidavit in which he attests that he was not present for and did not participate in Plaintiffs' stop or arrest. Defs.' App. Ex. G [D.E. 88 at 12-24]. Plaintiffs appear to base at least part of their claim against Prasifka on "the scope of his employment and authority with the Glenn Heights Police Department" as chief of police. Pls.' Second Am. Compl. [D.E. 62 at 3]. However, "[s]upervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . on any theory of vicarious or respondeat superior

4

liability." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Because Prasifka was not present and cannot be held responsible through vicarious or respondeat superior liability, as a matter of law, Plaintiffs' claim must fail. Therefore, the Individual Defendants' motion for summary judgment should be granted regarding all 42 U.S.C. § 1983 claims against Philip Prasifka.

**Unreasonable Seizure**

Travis and Papageorge allege they were victims of an illegal seizure when they were taken into custody by the Individual Defendants. Pls.' Second Am. Compl. [D.E. 62 at 14]. The Individual Defendants counter that a felony stop was performed and Plaintiffs were taken into custody only after Plaintiffs' car was observed traveling at approximately ninety miles per hour in a forty-five mile per hour zone and several other traffic laws were broken. Defs.' Br. [D.E. 86 at 10-11]; Defs' App. Ex. A [D.E 88 at 5]. Travis and Papageorge argue that the Individual Defendants lacked reasonable suspicion or probable cause to seize them. Pls.' Second Am. Compl. [D.E. 62 at 14].

"[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." *Terry v. Ohio*, 392 U.S. 1, 8 (1968). To determine whether a search or seizure was unreasonable, courts must consider "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Borninski v. Williamson*, No. 3:02-CV-1014-L, 2005 U.S. Dist. LEXIS 9402, at *26 (N.D. Tex. May 17, 2005) (citing *Terry*, 392 U.S. at 8).

Here, Plaintiffs fail to rebut the Individual Defendants' qualified immunity defense. They present no depositions, affidavits, or other competent evidence showing the Individual Defendants did anything but investigate and arrest Plaintiffs after Defendant Weisbruch observed their vehicle

5

exceed the speed limit, fail to use a turn-signal, disregard a stop sign, and both Plaintiffs refused to comply with orders to exit the vehicle. Defs.' App. Ex. B [D.E. 88 at 7-12]. Based on both Plaintiffs' behavior, the Individual Defendants' actions were justified at their inception and taking Plaintiffs into custody immediately after the stop was reasonably related to the purpose of the stop. *See Borninski*, 2005 U.S. Dist. LEXIS 9402, at *26. Because Plaintiffs fail to establish any genuine issue of fact showing that the Individual Defendants violated a constitutional right or that the Individual Defendants acted unreasonably in light of clearly established law, the Individual Defendants' motion for summary judgment should be granted on this cause of action.

### Failure to Intervene

"[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). Officers can "be liable under [section] 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitely v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (internal quotations and citations omitted).

Plaintiffs appear to state that each Individual Defendant failed to intervene against the alleged illegal actions taken by the other Individual Defendants. Pls.' Second Am. Compl. [D.E. 62 at 14]. The Individual Defendants counter that each officer operated within the constraints of the Constitution during the entire stop and that none of the Plaintiffs' rights were violated. Defs.' Br. [D.E. 86 at 15-16]. "View[ing] facts in accordance with the video," Plaintiffs point to no evidence that any constitutional rights were violated or that the Individual Defendants knowingly violated the

law. *See Luna*, 773 F.3d at 721 (citations omitted). Thus, Plaintiffs fail to establish a genuine fact issue on whether any of the Individual Defendants failed to intervene. *See Whitley*, 726 F.3d at 646. Therefore, the Individual Defendants' motion should be granted.

### False Arrest

For Plaintiffs to prevail on their section 1983 claim of false arrest, they "must show that [they] [were] arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) (citations omitted). As discussed earlier, Plaintiffs were observed traveling approximately double the posted speed limit, breaking several other traffic laws, and refused to comply with orders given by the Individual Defendants before they were taken into custody. Defs.' Br. [D.E. 86 at 7-8]; Defs.' App. Ex. A, B [D.E. 88 at 2-12]. Because Plaintiffs were taken into custody after these actions, and they do not point to any other reason for their arrest with credible evidence, Plaintiffs fail to raise a genuine fact issue as to whether the Individual Defendants violated a constitutional right or whether their conduct was unreasonable. *See Oliver*, 2013 WL 2182610, at *4. Therefore, the Individual Defendants' motion for summary judgment should be granted on this issue.

### Excessive Force

Plaintiffs allege that the Individual Defendants used excessive force when taking Travis and Papageorge into custody. *See* Pls.' Second Am. Compl. [D.E. 62 at 20-21]. This includes "numerous and unlawful physical assaults and sexual assaults caught on camera." *Id*. [D.E. at 21]. To make a claim of excessive force, Plaintiffs must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007) (internal quotations and

citation omitted).

Here, Plaintiffs' cause of action cannot survive summary judgment. They do not provide any summary judgment evidence in the record showing that *any* injury that *might* have occurred "resulted directly and only from" use of force by the Individual Defendants "that was clearly excessive to the need . . . ." *See Hathaway*, 507 F.3d at 320 (citation omitted). Finally, Plaintiffs have failed to present any evidence that any "force used was objectively unreasonable." *See id.* Video evidence clearly contradicts Plaintiffs' account of the events on January 4, 2011. *Compare* DVD: Ex. C In-Car Video Officer J. Weisbruch [D.E. 88 at 13-14], *with* Pls.' Second Am. Compl. [D.E. 62 at 3-13], *and* Pls.' Resp. Br. [D.E. 95 at 7-11]. Both Travis and Papageorge appear to be uncooperative at times with Individual Defendants, and both Plaintiffs attempt to stand and walk toward the Individual Defendants after they have been handcuffed and placed into custody. *See* DVD: Ex. C In-Car Video Officer J. Weisbruch [D.E. 88 at 13-14]. Because Plaintiffs have not raised a fact issue regarding unreasonable use of force, the Individual Defendants' motion for summary judgment should be granted with respect to this claim.

## Retaliation

Plaintiffs' retaliation claim appears to be directed at Defendants Loney, Weisbruch, and Wilson. *See* Pls.' Resp. Br. [D.E. 95 at 8]. Plaintiffs allege that instead of investigating prior claims of misconduct against various Glenn Heights police officers, Loney, Weisbruch, and Wilson "retaliate[d] against the Plaintiff's [sic] . . . in [the] form of falsely arresting, wrongly imprisoning, sexually assaulting Ms. Papageorge and then use[ing] excessive force." *Id.* [D.E. at 8]. However, as previously discussed, Plaintiffs point to no competent evidence showing that the Individual Defendants conducted anything but a legitimate traffic stop. Therefore, the Individual Defendants'

8

motion for summary judgment on this claim should be granted.

### Malicious Prosecution

Plaintiffs allege in their complaint that the "[I]ndividual Defendants, acting under color of state authority, maliciously charged Plaintiffs with public interference and tendered false information concerning said charges to the prosecutor which lead [sic] that person to believe that probable cause exists when there was is [sic] none." Pls.' Second Am. Compl. [D.E. 62 at 18]. However, "causing charges to be filed without probable cause will not without more violate the Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) (en banc). Furthermore, "a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [is] not viable." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citing *Castellano*, 352 F.3d at 942).

In Plaintiffs' response, they point to no competent evidence showing anything more than that charges were filed against them. *See* Pls.' Br. [D.E. 95]. Furthermore, the undersigned recommends that summary judgment be granted on all the other federal causes of action, and accordingly, the malicious prosecution claim must fail, as it cannot be brought as a free standing claim. *See Cuadra*, 626 F.3d at 812. Therefore, Defendants' motion should be granted in regard to this claim.

### RECOMMENDATION

For the reasons stated above, the District Court should GRANT Individual Defendants' Motion for Partial Summary Judgment [D.E. 85].

**SO RECOMMENDED**, this ____ day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).